## GREGG v. STUTTGART.

### Opinion delivered January 11, 1909.

MUNICIPAL CORPORATIONS—SIDEWALKS—VALIDITY OF ORDINANCE.—Under Kirby's Digest, § 5542, providing that cities of the first and second class may, by ordinance, resolution or order, compel the owners of property abutting on street or public squares to build, rebuild, maintain and repair sidewalks, and may designate the kind of sidewalk, the kind of material to be used, etc., an ordinance requiring property owners to build sidewalks was not void because it failed to designate the material of which they should be made, if that defect was supplied by a subsequent resolution designating that they should be made of cement.

Appeal from Arkansas Circuit Court; *Eugene Lankford,* Judge; affirmed.

The city of Stuttgart brought suit in the circuit court of Arkansas County against R. B. Gregg, the material parts of the complaint being as follows: That Stuttgart is a city of the second class; that on the 7th of December, 1903, its city council duly passed an ordinance to provide for the construction of sidewalks within said city. The ordinance divided the city into two sidewalk districts, namely, Sidewalk District No. 1 and Sidewalk District No. 2, and designated the territory to comprise each.

Sections 4 and 5 read as follows: "Section 4: That hereafter all sidewalks of Sidewalk District No. 2 shall be built of brick, cement, concrete or plank, at the option of the city council or the street and alley committee. All walks in this district shall not be less than four feet wide and such distance from the ground as the city council or the street and alley committee shall prescribe.

"Section 5. It shall be the duty of all property owners in Sidewalk District No. 2, when served with notice to do so, to construct sidewalks along their respective property within thirty days from the date of said notice, which notice shall be signed by the recorder and served by the marshal in the same manner that notices and summonses are served."

The ordinance further provides that if a property owner in District No. 2 fails to construct the sidewalk required, after being notified as provided in section 5, then the city council may contract with a suitable person to construct the same, first giving ten days' notice, etc. It further provides that the cost of construction thus incurred should constitute a charge against the owner of the property and a lien thereon.

The complaint alleged that the defendant Gregg was the owner of lots 1, 5 and 6 of block 1, Chamberlain's Addition, which lots abut on Maple Street, and lie in Sidewalk District No. 2. That on the 23d day of August, 1904, in pursuance of orders of the council, Gregg was served with notice to build a sidewalk of concrete four feet wide, on or before thirty days from date. A notice of similar import was served upon him April 15, 1905.

On October 3, 1904, at a regular session of the council, the following resolution was unanimously passed, and duly entered on the record book of the council's proceedings:

"An Order Directing R. B. Gregg to Construct Certain Sidewalk in the City of Stuttgart.

"Section 1.    It is expressly ordered and directed by the city council of the city of Stuttgart that R. B. Gregg, the owner of the property hereinafter described, shall construct, or cause to be constructed and completed, a cement sidewalk along the east end of lots number one, five and six in block one, Chamberlain's Addition to the town (now city) of Stuttgart, Arkansas County, Arkansas, abutting on Maple Street and along the east end of any other lots you may own in said block within thirty days after the date of the service of this notice and order upon you, as provided by Ordinance No. 44, entitled 'An ordinance to provide for the construction of sidewalks in the city of Stuttgart,' approved December 8, 1903, by the city council of the city of Stuttgart.    Said sidewalk shall not be less than four feet in width, and shall be of the same height or grade as the sidewalk already constructed on the west side of Maple Street between 4th and 6th streets, in said city, so as to present an even surface between said streets, and said sidewalk shall be constructed substantially as follows," etc.

"Section 2.    And the said R. B. Gregg is hereby notified that, if he shall fail or refuse to comply with this ordinance notice by constructing the sidewalk hereinbefore referred to, the city of Stuttgart will cause the same to be constructed as provided by law, the expense on account of same to be a charge against said property.

"Section 3.    The recorder of this city will give notice to the said R. B. Gregg as aforesaid, and cause a copy of this notice and order to be served upon the said R. B. Gregg."

A copy of this order was served upon Gregg April 15, 1905. The complaint alleged that Gregg neglected to build said sidewalk, and the city, in pursuance of the ordinance, proceeded to contract for the work to be done, after notice of its intention to Gregg, and proceeded to do so and caused the work to be done, and sued to recover the amount therefor.

The defendant demurred to the complaint, and the demurrer

was overruled; the defendant elected to stand upon the demurrer, and judgment went for the plaintiff, and defendant has appealed.

*John L. Ingram,* for appellant.

The ordinance does not conform to the requirements of the statute on which it is based. To be valid, the ordinance should set out what is to be done, where and how it is to be done, and when. Kirby's Digest, § 5542; 1 Abbott's Mun. Corp. 874; 158 Ill. 442; 161 Ill. 199; 172 Ill. 607; 178 Ill. 560.

*Pettit & Pettit,* for appellee.

1. The general ordinance with notices thereunder required the construction of the sidewalk.

2. Aside from the general ordinance the special order or resolution subsequently passed, with notices thereunder, required the construction of the sidewalk. The ordinance did in a general way designate the kind of sidewalk, the material to be used, and the width and height thereof. The ordinance and resolution conform to the statute.

3. Appellant's property, as appears in the record, having been benefited by reason of the construction of the sidewalk more than the cost of such construction, he is estopped to question the proceedings.

HILL, C. J., (after stating the facts.) This appeal questions the sufficiency of an ordinance of the city of Stuttgart providing for the construction of sidewalks. The parts of it attacked and the proceedings under it will be found in the preceding statement. The ordinance was passed under authority of the act of April 8, 1903, giving enlarged and additional powers to cities of the first and second class, so as to enable them to require property owners to construct sidewalks. The act is section 5542 of Kirby's Digest. It is said that the act gives the council power to compel the property owner to build, rebuild, maintain and repair sidewalks and to designate the kind of sidewalk, the kind of material to be used, the specifications to be followed, and the time within which such improvement is required; and that, as this ordinance fails to designate the kind of sidewalk, the kind of material and the specifications, it is fatally defective.

The ordinance required sidewalks in District No. 2 to be built of brick, cement, concrete or plank, at the option of the city

council or the street and alley committee; and the walk to be not less than four feet wide, and such distance from the ground as the council or committee shall prescribe; and this work was required to be done within thirty days from notice. The notice of August required, pursuant to an order of the council, a cement walk four feet in width within thirty days. This order was not complied with, and in October the council passed an order requiring the construction of a cement sidewalk in front of the designated property within thirty days from service of notice; the sidewalk to be not less than four feet in width, of the same length and grade as the sidewalk already constructed on the west side of Maple Street, so as to present an even surface between said streets and said sidewalk. This order, and a renewal of the former notice, was served on Gregg April 15th, and the failure to comply with it is the basis of this suit.

Every requirement of the statute is met in these proceedings. If the specifications are not more definite, it is the misfortune of the city, and affords no ground of complaint for Gregg. When he builds such sidewalk as is called for in the notice served upon him, he has fulfilled his duty; and whether it is such an one as desired can not be questioned by the city, because it did not specify more particularly the kind wanted. However, these orders, reasonably construed, furnish all the information which is needed to build a proper cement sidewalk; and a builder of sidewalks would have no difficulty in complying therewith.

Counsel attack provisions relating to District No. 1, but that is no concern of Gregg's; only so much of the ordinance as affects his property in District No. 2 is involved in this suit. It is contended that the proceeding must be tested by the ordinance, and not by the resolution of October. There is no reason why the proceedings can not be tested under both. The resolution is evidently supplementary, and in aid of the enforcement of the ordinance. It is somewhat in the nature of an amendment, making certain some of the matters left at large in the general ordinance. The council is expressly authorized by the statute to require sidewalks to be constructed by ordinance, resolution or order; and therefore the form of the city's mandate may be in any one of these methods of procedure which the council may see fit to adopt; or, if it pleaseth the council, it may adopt all of them

to reach to the same end. It is a mere choice of tools, or weapons, to require the property owner to lay a sidewalk.

Judgment affirmed.